[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15024
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

Agency No. A098-710-751

CARLOS GIOVANNY SARMIENTO ULLOA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 22, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Carlos Sarmiento-Ulloa, a native and citizen of Colombia,

petitions our court to review an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ's") order of removal and denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. § 1158, 8 U.S.C. § 1231, 8 C.F.R. § 208.16. On review, Sarmiento-Ulloa argues that the BIA and IJ erred in finding him not credible on the basis of a discrepancy in his testimony regarding the year of his cousin's death. He explained the discrepancy by stating that the year of death did not go to the heart of his claim, and he did not intend to deceive the immigration court, but felt "pressured and nervous." In addition, he argues that the cumulative effect of the evidence was to show that he experienced past persecution and had a well-founded fear of countrywide future persecution, and, therefore, he established eligibility for asylum and withholding of removal. Although he states that the BIA and IJ erred in denying CAT relief, he presents no related arguments on review.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA adopts the IJ's reasoning, we also review the IJ's decision. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006). We review the BIA's factual determinations under the substantial evidence test, which

2

requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in or is present in the United States may apply for asylum. *See* INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The U.S. Attorney General or the Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).

To establish asylum eligibility, the alien must, with specific and credible

3

evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287. An applicant may not show merely that he can establish a listed factor, but must show a causal connection between the persecution, or feared persecution, and a listed factor. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)). We have held that not all "exceptional treatment" constitutes persecution. *Zheng v. U.S. Att'y General*, 451 F.3d 1287, 1290 (11th Cir. 2006). We have described persecution "as an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Id.* (quotation omitted). "In determining whether an alien has suffered past persecution, the IJ [and the BIA] must consider the cumulative effects of the incidents." *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007).

To establish a "well-founded fear" of future persecution, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. *Id.* at 1287 (quotation

4

omitted). Alternatively, an applicant can establish a well-founded fear of persecution by establishing that there is a pattern or practice of persecution of persons similarly situated on account of the statutorily listed factor. 8 C.F.R. § 208.13(b)(2)(iii).

Under the INA's provisions for withholding of removal, the Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287; 8 C.F.R. § 1208.16(b). Because the evidentiary burden for withholding of removal is greater than that imposed for asylum, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

We review credibility determinations under the substantial evidence test and will not substitute our judgment for that of the IJ or BIA. *D-Muhumed*, 388 F.3d at 818.

> [T]he IJ [or BIA] must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's]

5

credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

*Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted).

If an alien fails to challenge or argue a determination in his appeal to the BIA, we lack jurisdiction to consider the challenge upon a petition to review. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); *see* 8 U.S.C. § 1252(d)(1).

After reviewing the record and the briefs of the parties, we conclude that substantial evidence supports the BIA's and IJ's determinations that Sarmiento-Ulloa (1) was not credible, (2) did not show past persecution or a well-founded fear of future persecution, and (3) therefore, was not eligible for asylum. The record does not compel a contrary conclusion. Because Sarmiento-Ulloa did not establish eligibility for asylum, he also did not meet the higher burden of establishing eligibility for withholding of removal. We lack jurisdiction to review Sarmiento-Ulloa's CAT claim because he failed to argue the issue to the BIA. Accordingly, we dismiss the petition in part and deny the petition in part.

**PETITION DISMISSED IN PART; DENIED IN PART.**